Filing # 39714058 E-Filed 03/31/2016 04:42:27 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR CITRUS COUNTY, FLORIDA
CIVIL DIVISION

BARTA CARR,

    Plaintiff,

v.

DOLGENCORP, LLC
d/b/a DOLLAR GENERAL,

    Defendant.

Case No.:
Division:

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BARTA CARR ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, DOLGENCORP, LLC d/b/a DOLLAR GENERAL ("Defendant"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and unpaid wages under Florida common law.

2. Venue is proper in Citrus County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Hernando County, Florida.

4. Defendant operates a Dollar General store in Hernando, in Citrus County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

14. At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

15. Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; she had no special or professional

2

qualifications and skills for the explicit use of which she was employed by Defendant; and she had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

16. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

17. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

## FACTS

18. Plaintiff began working for Defendant as a cashier in November 2014, and she worked in this capacity until November 2015.

19. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid a minimum wage for all of the hours that she worked.

20. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for all of her overtime hours at a rate equal to one and one-half times her regular hourly rate.

21. Defendant failed to pay Plaintiff an overtime premium for all of her overtime hours, in violation of the FLSA.

22. Between November 2014 and July 2015, Defendant regularly directed Plaintiff to work hours off the clock in addition to Plaintiff's regularly scheduled hours.

23. Including the hours Plaintiff was required to work off the clock, Plaintiff frequently worked over 40 hours per week.

24. Defendant never compensated Plaintiff for any of the hours Plaintiff was directed to work off the clock, and instead only compensated Plaintiff for her scheduled work hours.

25. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff an hourly salary of $8.05.

26. Defendant failed to pay Plaintiff all wages owed to her, including all of the wages Plaintiff earned for working hours in addition to her regularly scheduled hours.

27. Plaintiff's unpaid wages constitute "wages" under Florida common law and Fla. Stat. Section 448.08.

28. Defendant's failure to pay Plaintiff all of her wages, including hours Plaintiff was required to work off the clock, was willful.

29. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

31. During the statutory period, Plaintiff worked for Defendant, and she was not paid a minimum wage for the hours that she worked, as mandated by the FLSA.

32. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

    b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

    c)    An amount equal to Plaintiff's minimum wage damages as liquidated damages;

    d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT II – FLSA OVERTIME VIOLATION

34. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

35. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b)    Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

    c)    An amount equal to Plaintiff's overtime damages as liquidated damages;

 d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

 e) A declaratory judgment stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

 f) All costs and attorney's fees incurred in prosecuting these claims; and

 g) For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

38. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

39. Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for her services.

40. Defendant failed to pay Plaintiff all "wages" owed to her, including her wages for all of the hours Plaintiff was required to work off the clock.

41. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

 a) A jury trial on all issues so triable;

 b) That process issue and that this Court take jurisdiction over the case;

 c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

 d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

 e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 31st day of March, 2016.

                                              Respectfully submitted,

                                              /s/ Christopher J. Saba
                                              **CHRISTOPHER J. SABA**
                                              Florida Bar No. 0092016
                                              **WENZEL FENTON CABASSA, P.A.**
                                              1110 North Florida Avenue, Suite 300
                                              Tampa, Florida 33602
                                              Direct Dial: 813-321-4086
                                              Main Telephone: 813-224-0431
                                              Facsimile: 813-229-8712
                                              E-Mail: csaba@wfclaw.com
                                              E-Mail: tsoriano@wfclaw.com
                                              **Attorneys for Plaintiff**